**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN CURTIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:05-cv-1184-JCH** |
| | ) | |
| **STATE OF MISSOURI, CHAMENE LASKLEY, TIMOTHY LEMEN and MICHAEL BURTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Brian Curtis (registration no. 32460), an inmate at the St. Louis County Justice Center ("SLCJC"), for leave to commence this action without payment of the required filing fee [Doc. #2].[1] For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account;

[1]Plaintiff filed a second motion for leave to proceed in forma pauperis [Doc. #5], which the Court will deny as moot.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $15.00, and an average monthly account balance of $4.70. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.00, which is 20 percent of applicant's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary and other relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights[2]. Named as defendants are the State of Missouri, Chamene Laskley (assistant public defender), Timothy Lemen (assistant prosecuting attorney) and Michael Burton (Circuit Judge for the Twenty-First Judicial Circuit (St. Louis County) of the State of Missouri.

Plaintiff makes no allegations against defendant State of Missouri. Plaintiff alleges that defendant Laskley rendered ineffective assistance of counsel by, *inter alia*, not fully explaining the charges against him, failing to file motions, manipulating plaintiff into going to trial and failing to file the notice of appeal. Plaintiff alleges that defendant Lemen twisted the evidence to inflict excessive punishment on plaintiff and encouraged a witness to commit perjury. Plaintiff alleges that defendant Burton failed to appoint counsel on appeal. Plaintiff has also filed a petition for writ of mandamus to compel the court to appoint counsel in the appeal of his criminal conviction.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, plaintiff states that he needs a § 2254 form because he seeks to vacate sentencing and seeks release

[2]In plaintiff's complaint rather than by separate motion, plaintiff requests appointment of counsel. Because the Court will dismiss plaintiff's complaint pursuant to 28 U.S.C. 1915(e)(2)(B), the Court will deny as moot plaintiff's motion for appointment of counsel.



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

from custody. To the extent that plaintiff seeks immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254 - not a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, even if this Court construed the instant complaint as seeking habeas relief, it should still be dismissed because plaintiff has not exhausted his available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). Rather, plaintiff states that his case is presently pending in the Missouri Court of Appeals.

Also, and in the alternative, the individual defendants are immune from suit, as set forth below.

**A. Defendant State of Missouri**

Plaintiff's complaint as to defendant State of Missouri fails to state a claim. The State of Missouri is not amenable to suit pursuant to § 1983 because it is not a "person" for purposes of the statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

**B. Defendant Laskley**

Plaintiff's complaint as to defendant Laskley, a public defender, fails to state a claim. Public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

**C. Defendant Lemen**

Plaintiff's complaint as to defendant Lemen, an assistant prosecuting attorney, fails to state a claim because when, as in the instant case, "a prosecutor is acting within the scope of his proper prosecutorial capacity, these actions are cloaked with the same immunity granted to judges." *Barnes v. Dorsey*, 480 F.2d 1057, 1060 (8th Cir. 1973); *Wilhelm v. Turner*, 431 F.2d 177, 182-83 (8th Cir. 1981); *cf. Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutor absolutely immune



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case"); *Myers v. Morris*, 810 F.2d 1437, 1446-48 (8th Cir. 1987) (immunity extends to allegations of vindictive prosecution).

**D. Defendant Burton**

Plaintiff's complaint as to defendant Burton, a circuit judge, fails to state a claim because such claims are barred by judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dykes v. Hosemann*, 776 F.2d 942, 945 - 50 (8th Cir. 1985) (holding that judge enjoys judicial immunity from § 1983 liability where actions are taken in judicial capacity in case over which judge has subject matter jurisdiction).

**E. Petition for writ of mandamus**

Last, plaintiff has filed petition for writ of mandamus, seeking to compel the circuit court or court of appeals to appoint counsel for his appeal. Plaintiff's petition for writ of mandamus is legally frivolous given that federal courts have no superintending control over state courts or their judicial officers in performing their duties. *Cf. Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D. Mo. 1981) (citations omitted).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. #5] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $3.00 within thirty (30) days from the date of this order. Plaintiff is instructed to make his



PDF created with FinePrint pdfFactory trial version www.pdffactory.com

remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel be **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's petition for writ of mandamus [Doc. #6] be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 6th day of October, 2005.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE



PDF created with FinePrint pdfFactory trial version www.pdffactory.com